UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARC TRESENRIDER, | ) | CASE NO.  5:11-CV-1653 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | MAGISTRATE JUDGE MCHARGH |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This case is before the undersigned pursuant to Local Rule 72.2(b).  The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the 'Commissioner') denying Plaintiff Marc Tresenrider's applications for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence and therefore, conclusive.

For the reasons set forth below, the Court recommends that the decision of the Commissioner be VACATED and REMANDED back to the Social Security Administration.

I. <u>INTRODUCTION & PROCEDURAL HISTORY</u>

On March 25, 2008, Plaintiff Marc Tresenrider ('Plaintiff' or 'Tresenrider') filed applications for a Period of Disability and Disability Insurance benefits and Supplemental Security Income benefits alleging that he became disabled on March 8, 2008, due to suffering from diabetes and the total loss of the use of his right arm. (Tr. 105-109, 133).  Plaintiff's applications were denied initially and upon reconsideration. (Tr. 51-54).  Thereafter, Plaintiff requested a hearing before an administrative law judge to contest the denial of his applications.

(Tr. 71-73).   The Social Security Administration granted Tresenrider's request and scheduled a hearing.  (Tr. 81-87).

On April 8, 2010, Administrative Law Judge Michael Breton (the "ALJ") convened a hearing via video to evaluate Plaintiff's applications.   (Tr. 22-50).   The ALJ presided over the hearing from Springfield, Massachusetts, and Plaintiff, along with his attorney appeared in Canton, Ohio.  (Tr. 10).  A vocational expert, Mr. Michael Dorval (the "VE"), also appeared and testified at the proceeding.  (Tr. 46-50).  On May 26, 2010, the ALJ issued his decision in which he determined that Tresenrider was not disabled.  (Tr. 10-17).  In his written decision, the ALJ applied the five-step sequential analysis,[1] and concluded that Plaintiff retained the ability to perform work which existed in significant numbers in the national economy and thus, was not

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. § § 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1)     If a claimant is doing substantial gainful activity–i.e., working for profit–she is not disabled.

(2)     If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3)     If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4)     If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5)     Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

disabled.  (*Id.*)  Following this ruling, Plaintiff sought review of the ALJ's decision from the Appeals Council.  (Tr. 6).  But, the council denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-5).  Tresenrider now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C.§§405(g) and 1383(c).

Tresenrider, born on July 9, 1984, was 25 years old on the date of his hearing before the ALJ.  (Tr. 29, 105).  Accordingly, at all relevant times, he was deemed a 'younger person' for Social Security purposes.  20 C.F.R. § § 404.1563(c); 416.963(c).  Although he attended four years of high school, Tresenrider did not earn his diploma.  (Tr. 30).  However, at the time of the hearing, he was trying to obtain a GED.  (Tr. 30).  With regard to employment, Plaintiff has past experience working as a floor assistant at a retail store and as an assistant manager at a movie theater.  (Tr. 25, 30).

## II.  ALJ'S RULING

The ALJ made the following findings of fact and conclusions of law in his application of the five-step sequential analysis.  At step one, the ALJ found that Tresenrider had not engaged in substantial gainful activity since his alleged onset date of March 8, 2008.  (Tr. 12).  At step two, the ALJ held that Plaintiff suffered from the following severe impairments:  "compartment syndrome–right arm, status post injuries; [and] diabetes mellitus".  (*Id.*)  However, at step three, the ALJ did not find any of these impairments, individually or combined, to meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)  Before moving to the next step, the ALJ determined Tresenrider's residual functional capacity ('RFC') to work.  He held that Plaintiff retained the RFC to lift and carry up to 10 pounds, and to perform an unlimited amount of sitting, standing or walking in an eight-hour workday.  (Tr. 13).  But, he noted that Plaintiff could not perform work which required him to crawl, climb ladders, be

3

exposed to hazards or dangerous machinery, or to perform more than occasional kneeling.  (*Id.*)  The ALJ also highlighted that Plaintiff did not retain any use of his right (dominant) arm.  (*Id.*)  Because of these limitations, at step four, the ALJ found that Plaintiff could not return to his past relevant work as an assistant manager at a movie theater.  (Tr. 16).  Nonetheless, the ALJ ruled that Tresenrider was able to perform other work existing in significant numbers in the national economy.  (Tr. 16-17).  Specifically, the ALJ held that Plaintiff could perform work as an information clerk, booth cashier, front desk clerk, surveillance system monitor or usher.  (Tr. 17).

## III.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when he establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505, 416.905.

## IV.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See* *Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See* *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as

adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all the evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V.  ANALYSIS

Plaintiff has asserted two objections to the Commissioner's final decision. First, Plaintiff argues that remand is proper because the ALJ did not offer any analysis to support his finding at step three of the sequential analysis regarding whether Plaintiff's impairments met or equaled one of the recognized listings set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Second, Tresenrider contends that the ALJ also failed to satisfy his responsibilities at the final step of the analysis because the ALJ did not explain how he resolved the apparent conflicts between the VE's testimony and the information contained within the Dictionary of Occupational Titles as required by Social Security Ruling 00-4p. Each of these arguments have merit and are discussed below.

## A.  ALJ's Finding At Step Three

The third step of the disability evaluation process, asks the ALJ to compare the claimant's impairments with an enumerated list of medical conditions found in the Listing of Impairments within 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). *See 20 C.F.R. § §*

404.1520(a)(4)(iii); 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments recites a number of ailments which the Social Security Administration has deemed "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a); 416.925(a). Each listing describes "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§ 404.1525(c)(3); 416.925(c)(3).

A claimant will be deemed disabled if his impairment(s) meet or equal one of these listings. In order to "meet" a listing, the claimant must satisfy all of the listing's requirements. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009). However, if the claimant does not meet all of the listing's requirements, he may still be deemed disabled if his impairments "medically equal" the listing. 20 C.F.R. §§ 416.926(b)(3); 404.1526(b)(3). To do so, the claimant must show that his impairments are "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R.§§ 416.926(a); 404.1526(a).

During the hearing, Plaintiff asserted that he was disabled because he met or equaled either Listing 1.07 or a combination of Listings 1.07 and 1.08. Category 1.00 of the Listing of Impairments addresses ailments which affect the musculoskeletal system. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Listing 1.07 appears in this category and describes impairments resulting from:

> Fracture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset.

*Id*.

At step three of the disability evaluation process, the ALJ stated, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1". (Tr. 12). However, other than this cursory statement, the ALJ did not provide any commentary on what specific listing(s) to which he compared Tresenrider's impairments, or why he concluded that Plaintiff's ailments did not meet or equal listing level. Plaintiff contends such failure warrants remand.

The undersigned concurs. Recently, in *Reynolds v. Commissioner of Social Security*, 424 F. App'x 411 (6th Cir. 2011), the Sixth Circuit examined this very issue. The ALJ in *Reynolds* ruled that the claimant suffered from both a physical and mental severe impairment. *Id*. at 415. At the third step in the disability analysis, the ALJ compared the claimant's impairments with specifically identified listings and concluded that neither impairment met or equaled listing level. *Id*. The ALJ explained why the claimant's mental impairment did not meet the relevant listing, but failed to offer any commentary as to why the claimant's physical impairment did not meet or equal listing level. *Id*. In explaining the ALJ's error the Court indicated that "the ALJ erred by failing to analyze Reynolds' physical condition in relation to the Listed Impairments[, p]ut simply, he skipped an entire step of the necessary analysis." *Id*. at 416. The Court remanded the case finding that the ALJ's "hopelessly inadequate step three ruling" precluded meaningful judicial review. *Id*.

In the case *sub judice*, the ALJ's error was arguably more egregious than that of the ALJ in *Reynolds*. Not only did the ALJ here fail to elaborate upon why he concluded that Plaintiff's impairments did not meet or equal listing level, he also neglected to indicate what specific listing(s) to which he was comparing Tresenrider's impairments. The ALJ's step three finding consists only of one conclusory sentence in which he announces that Plaintiff's impairments do

7

not meet or equal *any* listing.  Without some discussion as to what listing the ALJ considered in contemplation of this step of the analysis, or as to how he reached his ultimate conclusion, the Court is unable to determine whether his findings are supported by substantial evidence.  *See id*; *see also Keyes v. Astrue*, No. 1:11-CV-312, 2012 WL 832576, at *5-6 (N.D.Ohio Mar. 12, 2012) (Gwin, J.) ("[W]ithout an explained conclusion that Keyes' physical impairments do not meet or equal one of the listing[s], the Court cannot determine whether the ALJ's decision was supported by substantial evidence.").

As the Sixth Circuit noted in *Reynolds*, the undersigned cannot find that this error was harmless.  Had the ALJ found that Tresenrider's impairments met or equaled a listing, he would have been deemed disabled, and thereby entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  Thus, the question of whether Plaintiff met or equaled Listing 1.07 directly impacted his request for benefits and the ALJ's disposition of his applications.  Consequently, the ALJ's failure to engage in this analysis was detrimental to Plaintiff.  The ALJ's error also precludes the Court from being able to engage in meaningful judicial review.  *See Hunter v. Astrue*, No. 1:09-CV-2790, 2011 WL 6440762, at *3 (N.D.Ohio Dec. 20, 2011) (Oliver, J.).

While the undersigned agrees with the Commissioner that Tresenrider bore the burden of proof to establish that his impairments met or equaled Listing 1.07, that issue is not determinative of the outcome today.  At the hearing, Plaintiff's counsel informed the ALJ that Tresenrider believed that he met or equaled Listing 1.07 or 1.08.  Plaintiff also presented testimony and medical evidence in support of his contention.  Thus, Plaintiff satisfied his burden.  However, the ALJ failed to satisfy his responsibility by explaining why the evidence presented by Plaintiff did not establish that his impairments were at listing level.  Even if the Court were to accept the Commissioner's suggestion that "[m]inimal articulation is required at step three", (Def.'s

Br. at 4), *minimal* articulation is not synonymous with *no* articulation.  The ruling in *Reynolds* indicates that an ALJ must provide some analysis to support his decision.  Accordingly, Tresenrider's request for remand is proper.

## B. Vocational Expert Testimony

Although the undersigned finds that Plaintiff's first assignment of error warrants remand, the Court will briefly examine Plaintiff's remaining objection to the ALJ's decision.  At step five of the disability evaluation process, the ALJ noted that the VE identified a number of jobs of which he concluded a person with Tresenrider's RFC could perform.  Based upon this testimony, the ALJ found that Plaintiff was capable of performing work which existed in significant numbers in the national economy, and therefore, was not entitled to benefits.  Tresenrider argues that it was not proper for the ALJ to rely upon the VE's testimony because the ALJ failed to explain how he resolved the conflict between the VE's testimony and the job descriptions provided in the Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling 00-4p.

Before an ALJ may rely on information provided by a VE, the ALJ must identify whether the VE's testimony conflicts with information listed in the DOT, and if so, seek a reasonable explanation for the conflict from the VE and explain the resolution of such conflict in his/her written decision.  SSR 00-4p.  In the instant case, the VE informed the ALJ that his testimony – namely, the jobs he identified as available to a person with Plaintiff's RFC – was not consistent with the information in the DOT.  The VE explained that "there isn't anything in the DOT that says that these jobs can be performed one-handed.  I'm basing this on my own experience." (Tr. 43).  Following this exchange, Plaintiff's counsel questioned the VE regarding whether an individual who only had use of his non-dominant arm could perform the repetitive task of

9

making change (i.e. in a position such as a booth cashier).  In response, the VE reconfirmed his belief that such a person would be able to perform this task on a frequent basis.

Despite the VEs admission that the DOT was silent regarding whether the jobs listed therein could be performed by a person only having use of his or her non-dominant arm, the ALJs opinion incorrectly stated that the VEs testimony was consistent with the information listed in the DOT.  The ALJ also failed to explain how he reconciled the conflict between the VEs testimony and the information listed in the DOT pursuant to Social Security Ruling 00-4p.  The Commissioner makes a number of arguments in support of the ALJs ruling at this stage in the analysis, some of which incorrectly characterize the issue, and none of which are sufficient to prevail.  Tresenrider objected to the ALJs finding because the ALJ did not explain how he resolved the conflict between the VEs identification of jobs which the VE opined were amenable to a person retaining only the ability to use his or her non -dominant arm, and the DOT which does not make mention of the same.  It appears that the ALJ either disregarded or overlooked this inconsistency when he stated in his written decision that the two coincided.  Thus, the ALJ erred by both failing to acknowledge the discrepancy between the VEs testimony and the DOT, and by omitting any discussion of how he determined that the two comported.   Social Security Ruling 00-4p required the ALJ to do both, SSR 00-4p, and the Commissioner is required to follow its own regulations.  *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## VI. DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is not supported by substantial evidence.  Accordingly, the undersigned recommends that the decision of the Commissioner be VACATED and that the case be REMANDED back to the Social Security Administration.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date:  June 8, 2012.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of the mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)